GULF, COLORADO & SANTA FE RAILWAY COMPANY v. A. J. HARRIS.

No. 215.

**Known Dangers to Animals.**—Plaintiff hired teams to defendant, with drivers selected and paid by himself. After they reached the works, both drivers and teams were under the charge and direction of defendant's foreman. The driver in charge on the day the mule received the injury from which he died, took charge of the team with the consent of plaintiff, who was present and had been working on the track with his teams for several months. He knew of the increased danger that attended the employment, and the method adopted in making the fill on which his mule was injured, and will be deemed to have assumed whatever risk there was.

APPEAL from Burleson. Tried below before Hon. JOHN ALEXANDER, County Judge.

*J. W. Terry* and *Chas. K. Lee*, for appellant.—1. The evidence shows that the plaintiff knew when he hired his mules to defendant that the work in which they were to be employed was dangerous, and he therefore assumed the risk incident to the same, and can not recover.

2. The evidence shows that if defendant, its agents, or employes, were guilty of any negligence in the conduct of the work it was having done on its roadbed, and in which plaintiff's mules were engaged, and if said work was being conducted in a negligent manner and by incompetent employes, that all of such facts were well known to plaintiff, and that by permitting his mules to continue in said work under such circumstances, he contributed to the injuries received by them, and is not entitled to recover.   Miner v. Railway, 26 N. E. Rep.; 994; La Riviera v. Pemberton, 48 N. W. Rep., 406; Railway v. Bradford, 66 Texas, 732; Railway v. Brentford, 79 Texas, 619; Railway v. Drew, 59 Texas, 10; Rogers v. Railway, 76 Texas, 502; Railway v. Somers, 71 Texas, 700; Railway v. Myers, 55 Texas, 111; Railway v. Fowler, 56 Texas, 452; Railway v. O'Hare, 64 Texas, 600; Railway v. McCarthy, 64 Texas, 634; Robinson v. Railway, 46 Texas, 540; Bish. on Non-Con. Law, secs. 675–677.

No brief for appellee reached the Reporter.

GARRETT, CHIEF JUSTICE.—Appellee, Harris, brought this suit in a Justice Court for the recovery of the value of a mule alleged to have been negligently killed by the appellant while in its use.

Plaintiff had hired certain teams, with drivers selected and paid by himself, to the defendant for use in constructing a grade for a siding on its road in Burleson County.   The drivers and teams were in the charge and under the direction of a foreman in the employment of defendant, who superintended the grading, and the owner had no control over them after they were carried on the works.   A scraper was used, and the usual way of making a fill, and one less attendant with danger, was for the teams, after having the scrapers dumped, to turn back in the grade completed, and not in front of the fill, as was the manner of constructing the fill where the mule was injured.   When the mule was hurt, the driver, under the direction of the foreman, was driving the mules down in front of the fill, and the scraper struck the end of a tie, was turned over, and fell forward on the hind legs of one of the mules, and cut them so severely that the animal died in a few days.

The regular driver was not driving on that day, and the driver in charge was one suggested by defendant's foreman, but he took charge of the team with the consent of the plaintiff, who was present.

Plaintiff had been working on the track with his teams for several months, and knew of the danger that attended the employment.   It was testified, that the mule was hurt the first time it started down the dump,

but plaintiff knew of the manner in which the particular fill was being constructed, and had just left the place, and was not over 200 or 300 yards distant when the mule was hurt. It was in evidence that the foreman was drinking, but plaintiff knew of this also.

The danger of the work was well known to plaintiff, and he was aware of the increased danger that attended the manner of the construction of the fill on which his mule was injured, and he will be deemed to have assumed whatever risk there was. He ought not to recover. This conclusion is reached without a decision of the question as to whether or not the plaintiff should be affected by the contributory negligence of his servant who was driving the team.

As the case was tried without a jury, the judgment of the court below will be reversed, and here rendered for the appellant.

*Reversed and rendered.*

Delivered March 13, 1893.